# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| MIRRAKHMAT MUMINOV, | ) | CASE NO. 1:18CV1034 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| JEFF SESSIONS, Attorney General of the United States, et al. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (ECF #8). Defendants' Motion attaches the declaration of Cleveland Field Office Director, Karyn Zarlenga. (ECF #8-2). Plaintiff has filed a response in opposition to the Defendants' motion (ECF #11), and the Defendants have filed a reply. (ECF #12). This matter is fully briefed and ripe for review. For the reasons set forth below, Defendants' Motion is GRANTED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Mr. Muminov, is a citizen of Uzbekistan and has been a Lawful Permanent Resident of the United States since August 28, 2008. (ECF #8-1 at 2). Mr. Muminov has previously filed a Form N-400, Application for Naturalization with USCIS which was subsequently denied in January 2012. (Id.) Mr. Muminov filed a second Form N-400 on February 6, 2017, which is now the subject of this matter. (Id.). Mr. Muminov submitted finger prints to USCIS on March 7, 2017. (ECF #1 at 4). When Mr. Muminov's complaint was filed on

May 3, 2018, the FBI had not yet completed the name check process for his application, however, the Cleveland office of USCIS received Mr. Muminov's completed FBI name check on July 9, 2018. (ECF #8-1). Mr. Muminov has not been scheduled for a final interview as USCIS is in the process of conducting additional security and background checks and will need to update Mr. Muminov's finger prints as his previous submission has expired. (ECF #8-1 at 2).

Mr. Muminov, through his attorneys, filed a two count complaint seeking relief under the Administrative Procedures Act (APA) (Count1) the Mandamus Act (Count 2) alleging unreasonable delay in the processing of his application for naturalization. (ECF #1 at 6-7). Mr. Muminov seeks to compel the Defendants' to immediately complete all necessary steps for completion and adjudication of his N-400 application. (Id. at 8).

## **LEGAL STANDARD**

The Defendants argue that the Court lacks federal subject matter jurisdiction to consider the Plaintiff's claims under the Federal Question Statute, the APA, and Mandamus Act. Subject matter jurisdiction constitutes a threshold issue. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The court cannot consider the merits of the case unless subject matter jurisdiction exists. *Id.* Here, the Defendants challenge subject matter jurisdiction under Rules 12(b)(1) and 12(b)(6). (ECF #8-1 at 3).

### A. Rule 12(b)(1) Standard

There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: (1) facial attacks; and (2) factual attacks. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Regardless of the type of attack, the Plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the Court that subject matter jurisdiction exists. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir.

2005).

A Facial attack on subject matter jurisdiction questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. In reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.*; *see also United States v. A.D. Roe Co.Inc.*, 186 F3d. 717, 721-22 (holding that when considering a facial attack, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party). Under a factual attack, however, no presumptive truthfulness applies to the factual allegations. *Id.* When facts presented to the district court give rise to a factual controversy, the district court must then weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Id.* In reviewing a factual attack, a trial court has wide discretion to allow documentary evidence, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

### B. Rule 12(b)(6) Standard

When the Court considers a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate where the pleadings have failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Id.* at 555. The Court must accept all

3

well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.* "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Motions to dismiss under Rule 12(b)(6) for failure to state a claim are distinct, both procedurally and substantively, from motions to dismiss under 12(b)(1). *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. The Sixth Circuit has explained the Rule 12(b)(1)/12(b)(6) distinction as follows:

> In a Rule 12(b)(6) motion in which matters outside the record are relied upon as they were here, the moving party (here, defendants) had the burden of showing there are not genuine issues as to any material facts, as the motion shall be treated as one for summary judgment. Conversely, where subject matter jurisdiction is challenged under Rule 12(b)(1), as it was here, the plaintiff has the burden of proving jurisdiction in order to survive the motion. Perhaps even more importantly, when a Rule 12(b)(6) motion is converted to a Rule 56 motion for summary judgment, the court, upon finding genuine issues as to material facts, must deny the motion; whereas on a rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes.

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). (internal citations and footnotes omitted).

When a party files a motion to dismiss under 12(b)(6), the district court is instructed to treat the motion as if it were a motion for summary judgment if either party submits additional materials "outside the pleadings." *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. The Court thus takes the plaintiff's allegations as true, and must determine that there are no genuine issues of material fact. *Id.*

### C. Rule 12(b)(1) Applies to Defendants' Motion

A key difference between a Rule 12(b)(1) and Rule 12(b)(6) motion is the effect the ruling will have upon the parties. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. A dismissal under 12(b)(1)

4

allows for the possibility of re-pleading the action to bring it within the subject matter jurisdiction of the court. *Id.* The res judicata effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue. *Id.* In contrast, a grant of summary judgment resolves the issue on the merits and is with prejudice. *Id.*

Here the Court finds it most appropriate to consider Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Thus, in accordance with the reasoning set forth below, Plaintiff is not barred from refiling his Complaint if the USCIS does not adjudicate his N-400 application.

## ANALYSIS

This court has evaluated the Defendants' motion, the Plaintiff's response, and the Defendants' reply and has conducted a review of the record in this case. For the reasons set forth below, the Defendants' Motion is GRANTED.

**1) Claim Against the FBI Dismissed as Moot**

As an initial matter, Mr. Muminov's claim against the FBI seeking to compel completion of his name check is dismissed as moot as it was completed on July 9, 2018. (ECF #8-1 at 7). *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."); Fed. R. Civ. P. 12(b)(1). Furthermore, this Court lacks jurisdiction to compel the FBI to complete background investigations as the FBI has no non-discretionary duty to complete such checks within any specified time. *See e.g., Ahmed v. Holder*, No. 1:13-cv-00271, 2013 WL 4544436, at *4 (N.D. Ohio Aug. 27, 2013) (Gwin, J.) (holding that the court lacked jurisdiction to compel FBI to complete background investigations); *Ivakin v. Hanson*, No. 5:CV3227, 2008 U.S. Dist. LEXIS 108056, at *1 (N.D. Ohio Aug. 12, 2008) (same); *see also Sinha v. Upchurch,*

No. 1:07CV2274, 2007 U.S. dist. LEXIS 90286, at *1 (N.D. Ohio Dec. 7, 2007) (noting that while CIS is statutorily required to adjudicate N-400 applications there is no corresponding duty on the part of the FBI and as such jurisdiction will not lie).

## 2) Motion to Dismiss Granted for Lack of Federal Subject Matter Jurisdiction

Mr. Muminov is seeking relief under both the APA and the Mandamus Act. When a petitioner seeks both Mandamus relief and relief under the APA, courts apply the same principles and standards to both to determine jurisdiction and to assess the merits. *Nelson v. United States*, 107 F. App'x, 470 (6th Cir. 2004). In order to invoke jurisdiction under the APA, a plaintiff must show that (1) an agency had a nondiscretionary duty to act, and (2) the agency unreasonably delayed in acting on that duty. *See Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004). The existence of federal subject matter jurisdiction under Section 1361 is tied to whether a writ of mandamus should issue; to find jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff. *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir 1987) (quoting *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir 1978)). For there to be a duty owed to the plaintiff within the meaning of Section 1361, there must be a "mandatory or ministerial obligation . . . [i]f the duty is discretionary or directory, the duty is not 'owed.'" *Id.* (citing *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975)). Thus, for jurisdiction to lie under both the APA and Mandamus Act, the Plaintiff must show that USCIS owed a non-discretionary duty to him and that it failed to act upon this duty.

### A. Is There a Non-discretionary Duty that the Agency Failed to Act Upon?

In order to determine if the Plaintiff has satisfied the requirements of federal subject matter jurisdiction, the Court must first determine what, if any, non-discretionary duty was owed to the

Plaintiff. Mr. Muminov contends that USCIS violated Section 706(1) of the APA by unreasonably delaying action on his application. (ECF #1 at 6). Both parties agree that USCIS has a nondiscretionary duty to adjudicate N-400 applications within a reasonable amount of time. (ECF #11 at 9) (Plaintiff); (ECF #8-1 at 8) (Defendants). What is disputed is when such time constraints begin to take effect and what constitutes an unreasonable delay.

USCIS could not begin to adjudicate Mr. Muminov's application for citizenship until after it received a definitive response from the FBI. Congress has mandated that USCIS "receiv[e] confirmation from the [FBI] that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997" before adjudicating a naturalization application. *See* Department of Justice Appropriations Act, 1998, FBI National Name Check Program ("NNCP"), Pub. L. No. 105-119, Title I. 111 Stat. 2440, 2448-49 (Nov. 26, 1997). Thus it follows that any reasonable temporal requirement would not begin until after USCIS received its definitive response. *See e.g. Sinah v. Upchurch*, 2007 U.S. Dist. LEXIS 90286 (N.D. Ohio Dec. 7, 2007) (finding that that "while CIS Defendants may have a duty to act on an application for naturalization within a reasonable time, the time period does not commence until after the CIS Defendants receive a completed background check"); *see also Ivkin v. Hanson*, 2008 U.S. Dist. LEXIS 108056, at *1 (N.D. Ohio Aug. 12, 2008) ("Even if, as Plaintiff contends, USCIS has a duty to act on his application within a reasonable time, the Court finds that the time period of such action does not commence until after USCIS receives the completed background check from the FBI"). USCIS did receive a definitive response on July 9, 2018. (ECF #8-1). Therefore, this Court uses the date of July 9, 2018, as the beginning date to evaluate whether USCIS unreasonably delayed in performing its non-discretionary duty.

Mr. Muminov correctly points out that 8 U.S.C. § 1447(b) provides for judicial review of

applications for naturalization that have been pending for more than 120 days after the initial naturalization interview. (ECF #11 at 9). However, this time constraint does not take effect until after USCIS conducts its naturalization interview and does not change the "reasonable time" inquiry. USCIS has not yet interviewed or "examined" Mr. Muminov pursuant to 8 U.S.C. § 1446(a), thus the 120 day requirement to adjudicate has not yet taken effect. Mr. Muminov suggests that USCIS has a non-discretionary duty to now schedule this interview given the definitive response from the FBI name check. (ECF #11 at 14). Mr. Muminov also suggests that USCIS has failed to act on his naturalization application by not taking discrete action. (Id. at 13) (citing *Elhaouat v. Mueller*, 2007 U.S. Dist. LEXIS 58906 (E.D. Pa. Aug. 9, 2007)). However, USCIS is in the process of continuing investigation by way of background and security checks in this matter. (*see* Zarlenga Decl., ECF #8-2 at 4, ¶ 15). Thus it is clear that USCIS is actively pursuing a final resolution of this matter. As a result, this Court finds that the only non-discretionary duty at issue in this case is the duty to adjudicate Mr. Muminov's application within a reasonable amount of time following a definitive response from the FBI.

### B. Did USCIS Unreasonably Delay in Acting Upon a Non-discretionary Duty?

USCIS has a duty to adjudicate Mr. Muminov's application within a reasonable amount of time. In order to invoke federal subject matter jurisdiction, Mr. Muminov must show that USCIS unreasonably delayed acting upon a nondiscretionary duty. *Norton*, 542 U.S. at 63-65. In support of his argument that USCIS has unreasonably delayed adjudication of his application, Mr. Muminov cites that over 576 days have passed since he submitted his N-400 application. (ECF #11 at 2). However, this fact, while surely frustrating for Mr. Muminov, is misleading given the finding that the temporal requirement does not begin until USCIS receives a definitive response from the FBI. This Court notes that just under four months have passed since USCIS received

the results of the name check on July 9, 2018.

In assessing claims of agency delay, courts have used the six-part "TRAC" factor test found in *Telecommunications Research and Action Ctr. v. F.C.C*, 750 F.2d 50, 80 (D.C. Cir. 1984):

> (1) The time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interest prejudiced by the delay; (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80 (internal citations and quotation marks omitted); *see also In re Howard*, 570 F.3d 752, 756-57 (6th Cir. 2009) (citing TRAC).

"There is no per se rule as to how long is too long to wait for agency action." *In re American Rivers & Idaho Rivers United*, 750 F.3d 413, 419 (D.C. Cir. 2004). However, of these factors, "the first and most important factor is that 'the time agencies take to make decisions must be governed by a rule of reason'" *In re Core Communications, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (citing TRAC). There is no statutory or regulatory standard that governs the time period within which USCIS must adjudicate applications for naturalization. The requirement, according to regulation, is that USCIS complete all background checks before the naturalization examination. *See* 8 C.F.R § 335.2(b). There is evidence that USCIS took action upon Mr. Muminov's application by initiating the FBI name check and that USCIS continues to work toward a final resolution through additional background investigations following the FBI name check. (*see* Zarlenga Decl., ECF #8-1 at ¶¶ 7, 10-11). Thus it cannot be said that USCIS has unreasonably delayed the adjudication of his application.

While this Court understands and is sympathetic to Mr. Muminov's frustration over the lengthy application and adjudication process the court notes that delays far in excess of just four months have not been found to be per se unreasonable. *See e.g. Kobaivanova v. Hansen*, No. 1:11cv943, 2011 U.S. Dist. LEXIS 105252, at *13-18 (N.D. Ohio Sep. 16, 2011) (finding three year delay in adjudication of I-485 application not unreasonable, particularly where USCIS was actively pursuing a resolution to the plaintiff's application, by way of further post FBI check investigations); *Patel v. Chertof*, 2007 U.S. Dist. LEXIS 30073 (E.D. Mo. Apr. 24, 2007) (finding 4.5 years reasonable). Delay alone, without other circumstances of unreasonableness, is not the "unreasonable delay" required to confer subject matter jurisdiction.

As a final note, this Court finds no evidence to support a finding that USCIS has acted in bad faith. A court is permitted to find unreasonable delay if it determines that the agency has delayed in bad faith. *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 510 (9th Cir. 1997). Bad faith can be found where an agency singles 'someone out for bad treatment of [asserts] utter indifference to a congressional deadline . . . .'" *Id*. This Court has no reason to believe that bad faith on the part of USCIS is at work here.

Therefore, this Court finds that the only non-discretionary duty imposed upon USCIS in this case is the duty do adjudicate Mr. Muminov's N-400 application within a reasonable length of time. Based upon the forgoing analysis, this Court finds that USCIS has not unreasonably delayed in adjudicating Mr. Muminov's N-400 application.

### 3) CAARP Matter is an Issue for the Class Action Proceedings

Mr. Muminov, in his complaint and memorandum in opposition to the instant motion, has repeatedly implied and alleged that his N-400 application has been subjected to unlawful

scrutiny under the Controlled Application Review and Resolution Program ("CAARP"). (ECF #1 at 4-5; ECF #11 at 3-5, 10-11). This Court expresses no view on the relative merits of this accusation and finds only that Mr. Muminov has failed to prove that this Court has federal subject matter jurisdiction in this matter. However, CARRP is currently the subject of a certified nationwide class action in *Wagafe v. Trump*, 2:17-cv-00094, 2017 WL 2671254 (W.D. Wash. Jun. 21, 2017). If Mr. Muminov is seeking to challenge the provisions of CARRP and if the allegations in the complaint about his application being subjected to CARRP scrutiny are true, then Mr. Muminov may qualify as a *Wagafe* class member and this case would be more appropriately addressed as part of *Wagafe*.

## CONCLUSION

For the forgoing reasons this Court concludes that it lacks subject matter jurisdiction over any of Mr. Muminov's claims, thus the Defendants' motion to dismiss (ECF #8) is GRANTED pursuant to Fed. R. Civ P. 12(b)(1).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: October 24, 2018